UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLENE PATTERSON | CIVIL ACTION |
| VERSUS | |
| FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., ET AL. | NO. 20-00500-BAJ-EWD |

RULING AND ORDER

Before the Court are the following Motions: Defendant Conduent Education Services, LLC's **Motion To Dismiss Under Rule 12(b)(6) (Doc. 10),** Defendant Ascendium Education Solutions, Inc.'s **Motion To Dismiss Complaint (Doc. 20),** and Defendant Financial Asset Management Systems, Inc.'s **Motion To Dismiss Under Rule 12(b)(6) For Failure To State A Claim (Doc. 29)**. The Motions are unopposed. For the reasons stated herein, Defendants' Motions are **GRANTED**.

I.  BACKGROUND

This dispute arises out of Defendants' alleged unlawful practices in connection with the service, collection, and reporting of Plaintiff's consolidated student loan (hereinafter "Loan"). (Doc. 1, ¶ 2). Plaintiff, proceeding *pro se*, filed suit against three Defendants: (1) Conduent Services, LLC (hereinafter "Conduent"), alleged Loan servicer; (2) Financial Asset Management Systems, Inc. (hereinafter "FAMS"), alleged debt collector; and (3) Ascendium Education Solutions, Inc. (hereinafter "Ascendium"), alleged guarantor and lender. (*See generally id.*).

1

For the purpose of Defendants' Motions to Dismiss, the following facts alleged in Plaintiff's Complaint are accepted as true.

On December 10, 2002, Plaintiff executed a Federal Consolidation Loan Application and Promissory Note (hereinafter "Promissory Note") to consolidate eight loans into one. (*Id.* at ¶ 30). Between June 2003 and March 2013, Plaintiff experienced intermittent periods of financial hardship. (*Id.* at ¶ 34). As a result, Plaintiff received several deferments[1] and forbearances[2] until her Loan was declared in default on March 16, 2012. (*Id.*).

In March 2013, FAMS, a debt collector, and Plaintiff engaged in verbal conversations regarding rehabilitating Plaintiff's Loan. (*Id.* at ¶¶ 35–48). FAMS and Plaintiff then executed a written rehabilitation agreement on August 13, 2013. (*Id.* at ¶¶ 43–45). Plaintiff fully rehabilitated her Loan on October 30, 2013, by making all required payments. (*Id.* at ¶¶ 37–48).

After November 21, 2013, Conduent began servicing Plaintiff's Loan. (*Id.* at ¶ 49). Plaintiff received an "Account Statement" from Conduent on November 25, 2013, showing the consolidated loan amount, capitalized interest, interest rate, outstanding balance, and payment due. (*Id.* at ¶ 50). Plaintiff attempted to obtain a deferment or forbearance because the new payment was unaffordable. (*Id.* at ¶ 52). Conduent informed Plaintiff that her Loan did not qualify

---

[1] A deferment is "[t]he act of delaying; postponement." *Deferment*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[2] A forbearance is "[t]he act of refraining from enforcing a right, obligation, or debt." *Forbearance*, BLACK'S LAW DICTIONARY (11th ed. 2019).

for a deferment or forbearance. (*Id.*). Conduent further advised Plaintiff that she must continue making payments on the Loan. (*Id.* at ¶¶ 52–58). "After much confusion, stress, and futile attempts to obtain a resolution, Plaintiff ceased all communications with Conduent." (*Id.* at ¶ 62). After Plaintiff rehabilitated her Loan, she did not make the required payments to Conduent. (*Id.* at ¶ 63). Thereafter, Plaintiff defaulted on her Loan for a second time. (*Id.*).

Sometime after Plaintiff rehabilitated her Loan on October 30, 2013, Ascendium acquired the Loan and began to furnish allegedly inaccurate information to credit reporting agencies. (*Id.* at ¶ 64). Ascendium reported, and continues to report, the Loan as two separate accounts when Plaintiff executed only one Promissory Note. (*Id.* at ¶¶ 62, 67). Plaintiff alleges that this incorrect information is misleading and "doubly impact[s] Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, and mode of living." (*Id.* at ¶ 68). Plaintiff lost an employment opportunity due to Ascendium's inaccurate reporting. (*Id.* at ¶ 70).

FAMS, Conduent, and Ascendium have filed Motions to Dismiss. (Doc. 10; Doc. 20; Doc. 29). Plaintiff failed to oppose Defendants' Motions. It is undisputed that Louisiana law applies in this case.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled

3

to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

### III. DISCUSSION

Defendants move to dismiss the following causes of action contained in Plaintiff's Complaint: (1) Count I, violation of the Fair Debt Collection Practices Act; (2) Count II, violation of the Fair Credit Reporting Act; (3) Count III, violation of the Louisiana Unfair Trade Practices Act; (4) Count IV, breach of fiduciary duty; (5) Count V, breach of contract; (6) Count VI, fraud and intentional

4

misrepresentation; (7) Count VII, defamation; and (8) Count VIII, "the continuing tort doctrine."[3] (*See generally* Doc. 1).

Plaintiff has not responded to Defendants' Motions in any way, as required by the Local Rules of this Court, to challenge or controvert the factual allegations or legal analysis presented by the Defendants. Therefore, under Rule 7(f), Defendants' facts and argument are deemed unopposed. The Court's independent analysis of the same also persuades the Court that Defendants' Motions are substantively meritorious. *See In re 27551 S. Lazy Meadow Way Spring, Texas 77386,* No. CV 20-258-SDD-SDJ, 2021 WL 96247, at *3 (M.D. La. Jan. 11, 2021). Accordingly, for the reasons that follow, Plaintiff's claims against Conduent, FAMS, and Ascendium are dismissed with prejudice.

### A. Fair Debt Collection Practices Act

Conduent and FAMS move to dismiss Plaintiff's claims pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692, *et seq*. (Doc. 1, ¶¶ 81–106).

#### *a. Plaintiff's FDCPA Claim Against Conduent is Dismissed*

Plaintiff alleges that Conduent violated the FDCPA by refusing to honor the rehabilitation agreement created by FAMS, failing to fairly service the Loan by declining to offer additional repayment options, and furnishing inaccurate information to credit reporting agencies. (Doc. 1, ¶¶ 93–106).

---

[3] Conduent seeks to dismiss Counts I, III, IV, V, and VI of Plaintiff's Complaint. (Doc. 10). Ascendium seeks to dismiss Counts II, V, VI, VII, and VIII of Plaintiff's Complaint. (Doc. 20). FAMS seeks to dismiss Counts I, III, IV, V and VI Plaintiff's Complaint. (Doc. 29).

The FDCPA prohibits any "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." (Doc. 10-1, p. 11 (citing 15 U.S.C. § 1692e)). The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (citing 15 U.S.C. § 1692a(6)). The term "debt collector" does not include:

> [A]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person [or] (iii) *concerns a debt which was not in default at the time it was obtained by such person.*

*Perry*, 756 F.2d at 1208 (emphasis added) (citing 15 U.S.C. § 1692a(6)(G)). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry*, 756 F.2d at 1208.

Conduent argues that because the Loan was not in default at the time Conduent became the servicer of the Loan, Conduent does not qualify as a debt collector. (Doc. 10-1, p. 11). Plaintiff unambiguously alleges that the Loan was rehabilitated on October 30, 2013, and that Conduent began servicing the Loan after November 21, 2013. (Doc. 1, ¶¶ 37–49). Accordingly, Conduent asserts that Plaintiff's FDCPA claim must be dismissed because it is not a "debt collector" as defined by the statute. (Doc. 10-1, p. 11). In the absence of any contrary facts or argument from

6

Plaintiff, Plaintiff's FDCPA claim against Conduent is dismissed for failure to state a claim to relief that is plausible on its face.

### b. *Plaintiff's FDCPA Claim Against FAMS is Dismissed*

Plaintiff alleges that FAMS violated the FDCPA by making false, deceptive, and misleading statements in March 2013. (Doc. 29-1, p. 4–5 (citing Doc. 1, ¶¶ 85–92)). FAMS argues that Plaintiff's FDCPA claim is time-barred because Plaintiff filed suit more than one year after the alleged violation. (Doc. 29-1, p. 4–5). Section 1692k(d) of the Act provides:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, *within one year from the date on which the violation occurs*.

15 U.S.C. § 1692k(d) (emphasis added).

Because FAMS made the alleged misrepresentations in March 2013, and Plaintiff did not file suit until August 5, 2020, far more than one-year after the alleged violation, FAMS argues that Plaintiff's claim is time-barred. (Doc. 29-1, p. 5). With no indication to the contrary from Plaintiff, Plaintiff's FDCPA claim against FAMS is dismissed because it was not brought within one year from the date of the alleged violation.

### B. Plaintiff's Fair Credit Reporting Act Claim Against Ascendium is Dismissed

Plaintiff alleges that Ascendium was in willful noncompliance with the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681n, because it furnished inaccurate information to credit reporting agencies. (Doc. 1, ¶¶ 107–24).

7

"Section 1681n provides the statutory authority for civil liability for willful noncompliance with the FCRA." *Cousin v. Trans Union Corp.*, 246 F.3d 359, 372 (5th Cir. 2001). "Generally, courts have allowed a willful noncompliance claim to proceed where a defendant's conduct involves willful misrepresentations or concealments." *Id.* (citing *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986)). "In those cases, a consumer reporting agency has typically misrepresented or concealed some or all of a credit report from a consumer." *Id.* (citing *Pinner*, 805 F.2d at 1263; *Millstone v. O'Hanlon Reports, Inc.*, 528 F.2d 829 (8th Cir. 1976); *Stevenson v. TRW Inc.*, 987 F.2d 288, 294 (5th Cir. 1993)). "To be willful, such misrepresentations must be the result of either a knowing violation or reckless disregard of the law." *Cameron v. Greater New Orleans Fed. Credit Union*, No. CV 16-12676, 2017 WL 3064967, at *2 (E.D. La. July 19, 2017), *aff'd*, 713 F. App'x 238 (5th Cir. 2018).

Ascendium argues that Plaintiff's Loan is comprised of four subsidized and four unsubsidized loans. (Doc. 20-1, p. 6 (citing Doc. 1-2)). Ascendium asserts that the subsidized and unsubsidized portions of the Loan are, and have always been, accounted for separately to reflect federal regulations. (Doc. 20-1, p. 6). Although the unsubsidized and subsidized portions of the Loan are accounted for separately, Ascendium contends that the reporting accurately reflects the Loan's balance in aggregate, and the reported tradelines are not duplicative. (*Id.*). Ascendium states that Plaintiff received notice of this "breakdown" in the April 2, 2003 Loan Consolidation Disclosure Statement and Repayment Schedule sent to her by

8

SallieMae Servicing Corp. (*Id.*). Ascendium contends that there has simply been no error, and accordingly, Plaintiff fails to state a claim for which relief may be granted. (*Id.*).

Noting that Plaintiff has failed to provide any controverting facts, the Court finds that Plaintiff failed to allege facts to support a "knowing violation or reckless disregard of the law" to establish a claim under Section 1681n. *See Cameron v. Greater New Orleans Fed. Credit Union*, No. CV 16-12676, 2017 WL 3064967, at *2 (E.D. La. July 19, 2017), *aff'd*, 713 F. App'x 238 (5th Cir. 2018). Plaintiff's FCRA claim against Ascendium is dismissed.

### C. Plaintiff's Louisiana Unfair Trade Practices Act Claims Against Conduent and FAMS are Dismissed

Plaintiff alleges that Conduent and FAMS violated the Louisiana Unfair Trade Practices Act (hereinafter "LUTPA"), Louisiana Revised Statutes § 51:1401 *et seq.* (Doc. 1, ¶¶ 125–31). Specifically, Plaintiff alleges that FAMS made verbal misrepresentations and that Conduent denied Plaintiff access to payment plans which would have diverted Plaintiff's default. (*Id.* at ¶¶ 128–29).

Plaintiff's LUTPA claims are subject to the peremptive period set forth in Louisiana Revised Statutes 51:1409(E), which provides that "an action under LUTPA is prescribed by one (1) year running from the time of the transaction or act which gave rise to the right of action." *Reese v. ICF Emergency Mgmt. Servs., Inc., L.L.C.*, 684 F. Supp. 2d 793, 801 (M.D. La. 2010) (citing *Bladen v. C.B. Fleet Holding Co.*, 487 F. Supp. 2d 759 (W.D. La. 2007) (holding that the private cause of action for

9

damages set forth in LUTPA is subject to a one-year peremptive period, despite the use of the word "prescribed" within the Act)); *see also Cason v. Texaco, Inc.*, 621 F. Supp. 1518, 1523 (M.D. La. 1985) ("Louisiana Revised Statute 51:1409 has been interpreted to be penal in nature" and therefore "it is subject to strict construction.").

Here, Plaintiff alleges that Conduent serviced her loan from November 2013 until she defaulted in December 2014. (Doc. 10-1, p. 14; *see also* Doc. 1, ¶¶ 49–63). Conduent argues that Plaintiff must have filed her LUTPA claim no later than December 2015 to fall within the statutory peremptive period. (Doc. 10-1, p. 14). Because Plaintiff filed her Complaint in August 2020, Conduent asserts that Plaintiff's LUTPA claim is unambiguously prescribed. (*Id.*).

Similarly, FAMS argues that because its alleged misrepresentations occurred in 2013, Plaintiff must have brought her LUTPA claim no later than 2014. (Doc. 29-1, p. 6; *see also* Doc. 1, ¶¶ 35–48). Because Plaintiff filed suit in August 2020, FAMS contends that Plaintiff's LUTPA claim is prescribed.

Facing no opposition from Plaintiff, the Court finds that Plaintiff failed to bring her LUTPA claims within the one-year statutory peremptive period. Accordingly, Plaintiff's LUTPA claims against Conduent and FAMS are dismissed.

### D. Plaintiff's Breach of Fiduciary Duty Claims Against Conduent and FAMS are Dismissed

Plaintiff alleges that Conduent and FAMS breached a fiduciary duty owed to Plaintiff. (Doc. 1, ¶¶ 132–38). Again, Plaintiff alleges that FAMS made misrepresentations, Conduent failed to honor FAMS's representations, and Conduent

10

denied Plaintiff access to other repayment options which could have prevented her second default. (*Id.*).

Both Conduent and FAMS argue that Plaintiff has failed to allege facts supporting the existence of a fiduciary relationship. (Doc. 10-1, p. 15–16; Doc. 29-1, p. 6–7). To state a claim for breach of fiduciary duty under Louisiana law, a plaintiff must show "(1) existence of a fiduciary duty, (2) a violation of that duty by the fiduciary, and (3) damages resulting from the violation." *Schott, Tr. For Est. of InforMD, LLC v. Massengale*, No. CV 18-759-JWD-RLB, 2019 WL 4738795, at *8 (M.D. La. Sept. 27, 2019) (citing *U.S. Small Bus. Admin. v. Beaulieu*, 75 F. App'x 249, 252 (5th Cir. 2003) (additional citations omitted)). A fiduciary relationship is one where there "is the special relationship of confidence or trust imposed by one in another who undertakes to act *primarily for the benefit of the principal in a particular endeavor*." *Massengale*, 2019 WL 4738795, at *8 (emphasis added) (citing *Omega Ctr. for Pain Mgmt., L.L.C. v. Omega Inst. of Health, Inc.*, 07-558 (La. App. 5th Cir. 12/27/07), 975 So. 2d 48, 51–52).

Conduent and FAMS argue that they did not have a relationship of confidence or trust with Plaintiff wherein they acted for Plaintiff's primary benefit. (Doc. 29-1, p. 7–8; Doc. 10-1, p. 15–16). Contrarily, FAMS argues that it was attempting to collect a debt on behalf of Ascendium and Conduent argues that it was attempting to service a debt on behalf of Ascendium. (*Id.*). FAMS contends that if anything, it was acting as an agent of the principal Ascendium, but never acted as an agent for Plaintiff's primary benefit. (*Id.*). Conduent similarly distinguishes the servicer-borrower

11

relationship from that of agent-principal, the relationship contemplated by the fiduciary duty. (Doc. 10-1, p. 15–16).

Because Plaintiff failed to allege facts supporting the existence of a fiduciary duty owed by Conduent or FAMS, Plaintiff cannot state a claim for breach of fiduciary duty.[4] With no opposition from Plaintiff, Plaintiff's breach of fiduciary duty claims against FAMS and Conduent are dismissed.

### E. Breach of Contract

#### a. *Plaintiff's Breach of Oral Contract Claims Against FAMS and Conduent are Dismissed*

Plaintiff alleges that FAMS and Conduent breached an oral contract with Plaintiff. (Doc. 1, ¶¶ 140–47; Doc. 29-1, p. 9). Specifically, Plaintiff alleges that FAMS and Plaintiff entered into an oral contract to rehabilitate Plaintiff's Loan, despite the existence of a written rehabilitation agreement, and that Conduent breached the oral agreement as FAMS's successor. (Doc. 1, ¶¶ 140–47).

---

[4] "Fiduciary duty" is defined as:

> A duty of utmost good faith, trust, confidence, and candor owed by a fiduciary (such as an agent or a trustee) to the beneficiary (such as the agent's principal or the beneficiaries of the trust); a duty of utmost good faith, trust, confidence, and candor owed by a fiduciary (such as a lawyer or corporate officer) to the beneficiary (such as a lawyer's client or a shareholder); a duty to act with the highest degree of honesty and loyalty toward another person and in the best interests of the other person (such as the duty that one partner owes to another).

*Duty*, BLACK'S LAW DICTIONARY (11th ed. 2019).

FAMS argues that no oral contract existed. (*Id.*). Even if an oral contract existed, however, FAMS argues that Plaintiff failed to allege facts indicating that FAMS itself breached the contract. (*Id.* at p. 10–14).

Similarly, Conduent contends that Plaintiff has not alleged an enforceable contract against Conduent. (Doc. 10-1, p. 17–18). Conduent argues that Plaintiff's "theory seems to be that because Conduent serviced her rehabilitated loan temporally after FAMS made collection efforts on her defaulted account, Conduent must be answerable in contract to promises allegedly made by FAMS concerning her post-rehabilitation loan repayment." (*Id.* at p. 18).

Plaintiff's allegation that Conduent "as immediate successor of FAMS" breached an oral rehabilitation agreement between FAMS and Plaintiff fails. (Doc. 1, ¶ 143). Louisiana law permits an obligor and a third person to "agree to an assumption by the latter of an obligation of the former. To be enforceable by the obligee against the third person, the agreement must be made *in writing*." La. Civ. Code art. 1821 (emphasis added); *see also Ruston La. Hosp. Co., LLC v. Lincoln Health Found., Inc.*, No. CV 18-0881, 2018 WL 6332850, at *5 (W.D. La. Nov. 20, 2018), *report and recommendation adopted*, No. 3:18-CV-0881, 2018 WL 6331698 (W.D. La. Dec. 4, 2018). The principle of corporate successor liability is set forth as follows:

> [T]he general rule of corporate liability is that, when a corporation sells all of its assets to another, the latter is not responsible for the seller's debts or liabilities, except where (1) the purchaser expressly or impliedly agrees to assume the obligations; (2) the purchaser is merely a continuation of the selling corporation; or (3) the transaction is entered into to escape liability.

13

*Id.* (citing *Golden State Bottling Co. v. N.L.R.B.*, 414 U.S. 168, 182 n.5 (1973)).

In the absence of any contrary facts or argument, Plaintiff has failed to allege facts supporting her contention that Conduent is the "successor" of FAMS, and therefore, liable for a breach of FAMS's alleged oral contract with Plaintiff. Additionally, Plaintiff has failed to allege facts supporting her contention that FAMS should be held liable for Conduent's alleged breach of same. Plaintiff's breach of oral contract claims against FAMS and Conduent are dismissed.

### b. *Plaintiff's Breach of Promissory Note Claim Against Ascendium is Dismissed*

Plaintiff alleges that Ascendium breached the terms of the Promissory Note by "causing substantial changes" to the Loan causing "two separate loans although one [P]romissory [N]ote had been executed." (Doc. 1, ¶ 150). Similar to Plaintiff's FCRA claim, Ascendium contends it did not create two separate loans, but merely reported the subsidized and unsubsidized portions of the Loan separately in accordance with federal law, while the aggregate total owed remains accurate. (Doc. 20-1, p. 7–8).

The Court has already addressed Plaintiff's allegation regarding "two separate loans" in the context of Plaintiff's FCRA claim. *See supra.* Plaintiff has failed to offer facts supporting her contention that Ascendium made substantial changes to her Loan, and further failed to controvert Ascendium's argument that it accurately reported Plaintiff's Loan. Plaintiff's breach of contract claim against Ascendium is dismissed.

### F. Plaintiff's Fraud or Intentional Misrepresentation Claims Against FAMS, Conduent, and Ascendium are Dismissed

Based on the same allegations, Plaintiff alleges that FAMS, Conduent, and Ascendium engaged in fraud or intentional misrepresentation. (Doc. 1, ¶¶ 155–65).

Louisiana law defines fraud as a "misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953. Because Plaintiff has alleged fraud, her Complaint must survive the particularity requirements of Federal Rule of Civil Procedure 9(b). *Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 689 (5th Cir. 2020). "At a minimum," this Rule requires Plaintiff to plead the "who, what, where, when, and how of the alleged fraud," and "where allegations are based on information and belief, the complaint must set forth a factual basis for such belief." *Id*. Although the actor's malice, intent, or knowledge "may be averred generally," Plaintiff "must set forth specific facts that support an inference of fraud." *Id.*

With no opposition from Plaintiff, Plaintiff's conclusory allegation that Defendants' acts were "intentional," without more, is insufficient to state a claim of fraud. Plaintiff's fraud or intentional misrepresentation claims against FAMS, Conduent, and Ascendium are dismissed.

### G. Plaintiff's Defamation Claim Against Ascendium is Dismissed

Plaintiff brings a state law defamation claim against Ascendium. (Doc. 1, ¶¶ 166–171). Ascendium argues that the FCRA preempts state law defamation claims unless a plaintiff can prove "malice or willful intent to injure such consumer."

15

(Doc. 20-1, p. 9 (citing U.S.C. § 1681h(e)); *see also see also Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 638 (5th Cir. 2002) ("The FCRA preempts state law defamation or negligent reporting claims unless the plaintiff consumer proves 'malice or willful intent to injure' him."). "Under Section 1681 h(e), 'no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence unless the plaintiff consumer proves 'malice or willful intent to injure' him." *Clark v. Saxon Mortg. Co.*, No. CIV.A. 11-0065-JJB, 2011 WL 2682435, at *2 (M.D. La. July 8, 2011).

Here, Ascendium argues that Plaintiff's allegation that it acted with "malice or willful intent" is conclusory and insufficient to state a claim for defamation in the face of the FCRA. (Doc. 20-1, p. 9; Doc. 1, ¶ 170). Indeed, the Court has dismissed similar claims on a Rule 12(b)(6) motion when the plaintiff only made conclusory statements that defendants acted with "willful intent to injure with malice [his] reputation." *Clark v. Saxon Mortg. Co.*, No. CIV.A. 11-0065-JJB, 2011 WL 2682435, at *2 (M.D. La. July 8, 2011). In *Clark v. Saxon Mortgage Company*, the Court held:

> Plaintiff's defamation and privacy claims warrant equitable relief only if Plaintiff can show that Defendants acted with "malice or willful intent to injure" him. 15 U.S.C. § 1681 h(e). However, Plaintiff has not alleged any specific facts in support of his conclusion, but has merely made conclusory statements that Defendants acted with "willful intent to injure with malice [his] reputation" (doc. 31, p. 6, ¶ II). Such statements are insufficient to survive a 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

*Id.* The Court finds the instant case to be similar. Accordingly, and noting the absence of any indication to the contrary from Plaintiff, Plaintiff's defamation claim against Ascendium is dismissed.

16

### H. Plaintiff's "Continuing Tort Doctrine" Claim Against Ascendium is Dismissed

Plaintiff alleges a "continuing tort doctrine" claim against Ascendium. (Doc. 1, ¶¶ 172–80). Ascendium argues that the continuing tort doctrine is not a cause of action. (Doc. 20-1, p. 10).

The United States Court of Appeals for the Fifth Circuit has explained that Louisiana's continuing tort doctrine distinguishes between injuries resulting from continuous operating causes and those that result from discontinuous operating causes "[f]or the purpose of determining when prescription starts to run[.]" *Young v. U.S.*, 727 F.3d 444, 447 (5th Cir. 2013). Accordingly, the continuing tort doctrine is used to determine "when prescription starts to run," but is not itself a tort. *See id.* at 447–48 (citing *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 323 (5th Cir. 2002) ("For a continuing tort to exist [under Louisiana law] . . . there must generally be continuing wrongful conduct, coupled with continuing damage."); *Roberts v. Murphy Oil*, 577 So. 2d 308, 311 (La. App. 4th Cir. 1991) ("[T]he doctrine of continuing tort applies only when both the alleged wrongful act and the damages caused by it are continuous."); Frank L. Maraist and Thomas C. Galligan, 1–10 Louisiana Tort Law § 10.04 (2012) ("[I]f both the tortious conduct and the damages continue, the tort may be deemed a 'continuing' one and prescription may not begin to run until the wrongful conduct ceases.") (additional citations omitted)).

Plaintiff's "continuing tort doctrine" claim against Ascendium is dismissed.

17

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Conduent Education Services, LLC's **Motion To Dismiss Under Rule 12(b)(6) (Doc. 10) is GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Ascendium Education Solutions, Inc.'s **Motion To Dismiss Complaint (Doc. 20) is GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Financial Asset Management Systems, Inc.'s **Motion To Dismiss Under Rule 12(b)(6) For Failure To State A Claim (Doc. 29) is GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

Baton Rouge, Louisiana, this 24th day of August, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**